IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS GENE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1139-MHT |
| | ) [WO] |
| | ) |
| ANTHONY CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 1, 2005, Douglas Gene Williams ["Williams"], a county inmate, filed this 42 U.S.C. § 1983 action. On December 20, 2005, this court entered orders, copies of which the Clerk mailed to Williams. The postal service returned these orders because Williams no longer resided at the address he had provided to the court. In light of the foregoing, the court entered an order requiring that on or before January 17, 2006 Williams inform the court of his present address. *See Order of January 6, 2006 - Court Doc. No. 6*. The court specifically cautioned Williams that his failure to comply with the directives of this order would result in a recommendation that this case be dismissed. *Id*. Williams has filed nothing in response to the January 6, 2006 order. The court therefore concludes that this case is due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to prosecute this action. It is

further

ORDERED that on or before 1 February 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th    day of January, 2006.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE